Edgar V. MARTIN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17259.

United States Court of Appeals Fifth Circuit.

April 30, 1959.

William O. Braecklein, Dallas, Tex., for appellant.

William N. Hamilton, Asst. U. S. Atty., William B. West, III, U. S. Atty., Dallas, Tex., for appellee.

Before RIVES, CAMERON and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

Appellant Martin was indicted on five counts charging that he wilfully and knowingly attempted to evade income taxes for the years 1951–1955 in violation of § 145(b) of 26 U.S.C.A. A trial resulted in a jury verdict of guilty on all counts. He was fined $5,000 and sentenced to thirteen months imprisonment. He appealed, specifying six grounds of error alleged to have been committed by the trial court.[1]

---

1. "1. The Trial Court erred in overruling motion of defendant to dismiss the indictment.

"2. The Trial Court erred in overruling defendant's motion for continuance.

"3. The Trial Court erred in overruling defendant's motion for disclosure of information possessed by the United States Attorney with reference to individual jurors.

"4. The Trial Court erred in overruling defendant's motion for disclosure of information in possession of the United States Attorney which could not be lawfully obtained by the defendant.

"5. The Trial Court erred in overruling defendant's motion for mistrial after the Assistant United States Attorney injected a prejudicial remark before the jury.

"6. The Trial Court erred in overruling defendant's motion for a judgment of acquittal at the conclusion of the Government's case, which motion was renewed and again overruled at the conclusion of the trial."

During the years covered by the indictment appellant was employed on a salary basis as gauger for Ashland Pipeline Company at Kilgore, Texas. He also owned a book store in Kilgore and a small pipeline gathering system in Louisiana. Income from these activities was duly reported.

In addition, appellant conducted a business in which he assisted persons in mixing their low gravity crude oil with higher gravity oil so that it would be accepted for transportation by the major pipeline companies. He received compensation for these services at the rate of seventy-five to ninety cents per barrel. During the tax years in question he received from this source income in cash of $160,000, which he did not report.

■ Appellant's motion to dismiss the indictment was based upon the charge that two government witnesses were present at the same time in the grand jury room while the grand jury was in recess. He contends that this was in violation of Rule 6(b), Federal Rules of Criminal Procedure.[2] This rule is applicable only when the grand jury is in session, and undisputably the grand jury was not in session, but was in recess when the two witnesses were in the grand jury room at the same time. It is further undisputed that no witness testified when any outsider was present. Clearly the point is without merit.

■■ Appellant next contends that the trial court erred in failing to grant him a continuance when the Government, in response to his motion for a Bill of Particulars, failed to furnish "any tangible evidence the Government had" of appellant's guilt. The United States Attorney stated to the court that it did not have, and would not rely upon, any such tangible evidence in proving its case against appellant, but upon circumstances detailed by oral proof. Upon this statement the court denied the requested continuance. In addition to the fact that it is not shown that any prejudice resulted to appellant, such matters arising in the progress of a trial are addressed to the discretion of the court. Wong Tai v. United States, 1927, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545, and Brown v. United States, 5 Cir., 1955, 228 F.2d 286. There is no evidence of abuse of this discretion by the trial judge.

■ Appellant next charges that the court committed error in declining to require the Government to disclose to appellant information it had obtained from various government employees and law enforcement officers concerning the qualifications of jurors who would constitute the panel. It is common knowledge that litigants traditionally investigate prospective jurors to ascertain their qualifications and attitude, and we know of no rule which requires either litigant to divulge to the other the result of his investigation. Upon principle and the lack of any precedent cited by appellant, we hold that the action of the court below was not error. Cf. Best v. United States, 1 Cir., 1950, 184 F.2d 131.

■ A somewhat similar attack is made upon the refusal of the court below to require the United States Attorney to disclose to appellant information which the Government might have obtained through its access to the tax returns of the members of the jury panel. The United States Attorney stipulated that the Government did have access to the income tax files of the individual jurors, and the court denied the motion stating that the appellant would have the right to interrogate jurors on the point.

The Government contends that a Treasury Department Regulation[3] authorizes access to such information by the United States Attorney, and the validity of the Regulation is not challenged.

---

2. "(d) Who May be Present. Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer may be present while the grant jury *is in session*, but no person other than the jurors may be present while the grand jury is deliberating or voting." [Emphasis added.] 18 U.S.C.A.

3. 26 C.F.R. § 458.204.

Appellant cites no precedent for the position he takes and seeks to escape the holding in United States v. Costello, 2 Cir., 1958, 255 F.2d 876, certiorari denied 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed. 2d 1551, upon the contention that, here, the question was raised in open court before the trial, whereas in Costello the point was presented only on motion for new trial. We agree with the Government's contention that whatever publicity arose from appellant's presentation of this question was of his own creation and he may not, under the circumstances here presented, assign this as error.[4]

For the same reason and under the same authorities, we reject the argument of appellant that the Government's attorney volunteered inflammatory and improper remarks. The incident relied upon arose when a former Internal Revenue Agent was testifying about his investigation of the income tax returns of J. A. Stack, a government witness, who had paid appellant a large portion of the unreported income.[5] Following the colloquy set forth in the margin appellant's attorney asked that the answer given by the attorney representing the Government should be disregarded by the jury under instruction of the court, and the court responded that it did not think any harm had resulted, as the witness had not finished his statement, following which the court denied a motion for mistrial. The question asked of the Government's attorney invited a candid response and there is no evidence that what was said exceeded the bounds of a proper response to the question.

Finally, appellant contends that the evidence was insufficient to establish that he wilfully and knowingly attempted to evade income taxes, and that his motions for directed verdict should have been granted. We hold that there was ample evidence to sustain the jury's verdict as to all elements of the crime charged. Appellant placed in five bank accounts the money he received from Ashland Pipeline Company, from his own gathering system and from his book store. There was evidence that he asked Stack and the others for payment of the large sum above mentioned in cash. These cash payments were not banked, but were kept by the appellant at his home.

There was further testimony warranting the jury in finding that appellant did not file an amended return until after he had been advised by Stack that payments made to the appellant were under investigation and that Stack would have to divulge to the revenue agents the fact that the payments were made to appellant. Even then, according to the Government's proof, appellant did not make a full disclosure to his own accountants, and one or more supplemental returns had to be made to account for amounts received from others besides Stack. The Government's case was a strong one and the jury manifestly accepted its evidence and was amply justified in so doing.

It appearing that the errors assigned are without merit, the judgment appealed from is

Affirmed.

4. Cf. Parr v. United States, 5 Cir., 1958, 255 F.2d 86, certiorari denied 358 U.S. 824, 79 S.Ct. 40, 3 L.Ed.2d 64; Hagans v. United States, 5 Cir., 1958, 261 F.2d 924.

5. The examination of the agent was in the preliminary stages when appellant's attorney objected to questions which were being asked about where Stack's office was located, and the following colloquy between counsel took place:

"Mr. Braecklein: Your Honor, I would just like for the United States Attorney to tell us what the materiality of this evidence is.

"Mr. Hamilton: Your Honor, the materiality of it is to show how it came about that the defendant found out he was going to be checked."