**Joseph T. BOONE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6600.**

District of Columbia Court of Appeals.

Argued Sept. 27, 1972.

Decided Oct. 31, 1972.

Joseph Paull, Washington, D. C., appointed by this court, for appellant.

Kevin W. Carmody, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Robert S. Tignor, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge.

Appellant was arrested August 24, 1971, after a police officer had seen him break into a tan 1965 Volkswagen and remove two sets of golf clubs. After a jury trial appellant was convicted of one count of grand larceny, D.C.Code 1967, § 22–2201. During the trial the only direct evidence of value presented to the jury was: (1) the testimony of the owner that one set of clubs had cost $211 and the other, $101;

(2) that, at present, he could get at least $50 for the sets; and (3) the physical presence of the equipment in court.

■ It is fundamental that in larceny cases the Government must prove each and every element of the crime charged, including the value of the property which was taken. Brock v. United States, D.C. Mun.App., 122 A.2d 763 (1956). It is also clear that the jury cannot be allowed to speculate in a grand larceny case as to value, merely from the appearance of the property. United States v. Wilson, 284 F.2d 407 (4th Cir. 1960). In the instant case we agree with appellant's contention that the evidence produced by the Government was not legally sufficient to support a conviction of grand larceny. The United States Court of Appeals for the District of Columbia has held, in a grand larceny case, .that it is reversible error to submit the issue of value to a jury where the only evidence produced was: (a) the physical presence of the items stolen and (b) the owner's statement of original cost. United States v. Thweatt, 140 U.S.App.D.C. 120, 433 F.2d 1226 (1970).

We think the strict rule of *Thweatt* is eminently sound. The offenses of grand and petit larceny are distinguished solely by proof of value, while the punishment and stigma which attach are significantly different. No great burden is placed on the Government in requiring it to produce evidence sufficient to eliminate the possibility of the jury's verdict being based on surmise or conjecture.

■■ We are not of the opinion, however, that there was no proof of value at all. There is no minimum amount required to prove petit larceny—only that the item(s) taken have value. 52A C.J.S. Larceny § 97 (1968). In the instant case there was sufficient proof of value to sustain a conviction of petit larceny.

■ Therefore, the judgment is reversed and the case is remanded to the trial court with instructions to enter a verdict of guilty to the charge of petit larceny and to resentence accordingly. *See Thweatt, supra* at 128–129, 433 F.2d at 1234–1235.

Reversed and remanded.