Barrington E. WILSON, Appellant,

v.

UNITED STATES, Appellee.

No. 9422.

District of Columbia Court of Appeals.

Submitted March 24, 1976.

Decided May 20, 1976.

D. S. Sastri, Silver Spring, for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, Theodore A. Shmanda and D. Michael Stroud, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before GALLAGHER, YEAGLEY and MACK, Associate Judges.

PER CURIAM:

Appellant was convicted after a jury trial of one count of grand larceny. (D.C.Code 1973, § 22–2201). On appeal he contends that the evidence produced by the government was insufficient to support a finding that the value of the stolen property exceeded $100.[1] We agree and reverse.

Appellant was found guilty of stealing a brown leather coat on January 16, 1974. The only direct evidence of value presented to the jury was the appearance of the coat at trial and the testimony of the owner that the coat had been purchased during the 1973 Christmas season for $150. At the time of the theft, the coat had two buttons missing and a "snag" near the left sleeve.

In *Boone v. United States,* 296 A. 2d 449, 450 (1972), we approved the strict rule adopted in *United States v. Thweatt,* 140 U.S.App.D.C. 120, 433 F.2d 1226 (1970), that "in a grand larceny case . . . it is reversible error to submit the issue of value to a jury where the only evidence produced was: (a) the physical presence of the items stolen and (b) the owner's statement of original cost." The government must present evidence of an item's value at the time of the theft "sufficient to eliminate the possibility of the jury's verdict being based on surmise or conjecture." *Boone v. United States, supra* at 450. *See also United States v. Henderson,* 142 U.S.App.D.C. 21, 23, 439 F.2d 531, 533 (1970). We have countenanced departure from a strict rule of proof only under circumstances in which the stolen property (1) had been recently purchased at a price well in excess of $100; (2) was in "mint condition" at the time of the theft; and (3) was not subject to "prompt depreciation or obsolescence." *See In re J. F. T., D.C.App.,* 320 A.2d 322, 325 (1974).

In this case, there was no evidence of value other than proof of the original cost and exhibition of the coat. Under the rule of *Boone* and *Thweatt,* this evidence was insufficient to support a grand larceny conviction. The recognized factors which might have eliminated the danger of speculation by the jury were absent: the item was purchased at a price only slightly above the "statutory mark"; the coat was not in "mint condition"; and it was a rapidly depreciable item. *See In re J. F. T., supra* at 325.

We conclude that the government's evidence was legally insufficient to establish the minimum value required for grand larceny. There was, however, sufficient proof of value to sustain a conviction for petit larceny.[2] Therefore, the judgment is reversed and the case is remanded to the trial court with instructions to enter a judgment of conviction to the charge of petit larceny and to resentence accordingly. *See Boone v. United States, supra* at 450; *United States v. Thweatt, supra* at 128–29, 433 F.2d at 1234–35.

*Reversed and remanded.*

---

1. An element of grand larceny is that the stolen property have a "value of $100 or upward." D.C.Code 1973, § 22–2201. Petit larceny involves the taking of property valued at "less than $100." D.C.Code 1973, § 22–2202.

2. Petit larceny requires proof "only that the item(s) taken have value." *Boone v. United States, supra* at 450.