Arthur A. TERRELL, Appellant,

v.

UNITED STATES, Appellee.

No. 9651.

District of Columbia Court of Appeals.

Argued March 10, 1976.

Decided Aug. 9, 1976.

---

John A. Brady, appointed by this court, for appellant.

Bernard J. Panetta, II, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease, Washington, D.C., and Gerard F. Treanor, Jr., Asst. U. S. Attys., were on the brief, for appellee. Roberta T. Eaton, Asst. U. S. Atty., Washington, D.C., entered an appearance for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

In this appeal from convictions on one count each of burglary in the second degree (D.C.Code 1973, § 22–1801(b), grand larceny (D.C.Code 1973, § 22–2201), and destruction of property (D.C.Code 1973, § 22–403), appellant raises a number of issues. Generically, the issues are: (1) due process—denial of access to juror performance notes kept by the prosecution; (2) Fourth Amendment denial of motion to suppress; (3) cross-examination restriction; (4) evidence sufficiency on the grand larceny count; and (5) fair trial—government's closing argument. We conclude that the evidence of value to support the conviction for grand larceny is not suf-

ficient. The remainder of appellant's arguments are lacking in merit.

## I.

At trial, a Mrs. Chandler, proprietress of a beauty shop, testified that between 3:30 and 4:00 o'clock on the morning of October 8, 1974, she responded to a call to come to her shop and there discovered it had been burglarized. She arrived at the scene within one-half hour, took inventory of the stolen items, and secured the shop before leaving. The complainant returned to the shop about 8:00 a. m. and then discovered a trail of hair oil leading from her shop to the door of a second-floor apartment in an adjacent building. Without making further inquiry, she summoned the police. Officer Falkosky responded to her call. He was told of the theft of the items, particularly of the hair oil and lotions. Together they followed the trail of oil to the door of the apartment. Officer Falkosky knocked on the door and identified himself as a police officer. Edward Massado (later to be a convicted codefendant who did not appeal) opened the door and walked back into the room without saying anything. "[A]lmost immediately after the door was opened", Mrs. Chandler was able to see some of the stolen items. She reported this to the officer as she followed him into the apartment. There she was able to make positive identification of several other stolen items, including a television set, a wicker hamper, and a radio.

The government also called Mr. Larry Archie, a fingerprint expert, to testify. He stated that a latent fingerprint recovered from the inside of the stolen hamper matched the fingerprint exemplar taken from appellant. On cross-examination, appellant attempted to criticize the expert for failing to bring an enlargement of the latent print to enable the jury to make an independent evaluation of the match. The court limited this line of questioning as argumentative after the expert explained that his work schedule prevented him from making such enlargement.

## II.

Appellant contends that as a matter of mutuality of disclosure at trial, *United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975); and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), he should receive government notes concerning past jury performances of the members of the jury panel. In *Christoffel v. United States,* 84 U.S.App.D.C. 132, 134, 171 F.2d 1004, 1006 (1948), *rev'd on other grounds,* 338 U.S. 84, 69 S.Ct. 1447, 93 L.Ed. 1826 (1949), the court rejected this argument by holding that "the government is not required to furnish the defense with notes it may have made for use in selecting a jury." The general rule was reiterated in *United States v. Kyle,* 152 U.S. App.D.C. 141, 145, 469 F.2d 547, 551 (1972):

> Ordinarily there would be no basis for a duty to disclose material pertaining to public aspects of a juror's service, for example voting record in other cases, and relative experience or inexperience . . ..[1] Appellant's argument as to mutuality of disclosure at trial is without merit.[2]

---

1. *See also United States v. Payseur,* 501 F.2d 966, 974 (9th Cir. 1974); *Martin v. United States,* 266 F.2d 97 (5th Cir. 1959); *Hamer v. United States,* 259 F.2d 274 (9th Cir. 1958); *Best v. United States,* 184 F.2d 131, 141 (1st Cir. 1950).

2. The instant case does not fall within the scope of *Brady v. Maryland, supra.* It is apparent that the requested information is neither "favorable to [the] accused" nor "material . . . to guilt or to punishment." *Id.* 373 U.S. at 87, 83 S.Ct. at 1197. *See also United States v. Agurs,* 96 S.Ct. 2392, 49 L.Ed.2d 342, 44 U.S.L.W. 5013 (1976).

### III.

■ Appellant asserts error in denying the motion to suppress.[3] He contends that the warrantless entry of Officer Falkosky and complainant into Mr. Massado's apartment was an unlawful intrusion under the Fourth Amendment and that the subsequent seizure was invalid. The issue presented to the trial court judge was whether the entry was consensual.

■ In addition to the facts set forth at the beginning of this opinion, the record also reveals that after Mrs. Chandler identified the stolen property, the officer asked appellant and Massado where they obtained the property. Massado responded that a friend known only as "Tag" arrived earlier and left the items in question in their custody. The officer searched the immediate area of the apartment and arrested appellant and Massado.

In *United States v. Sheard*, 154 U.S. App.D.C. 9, 473 F.2d 139 (1972), the court articulated the standard that applies in reviewing the trial court ruling.

The ultimate determination by a trial judge at a suppression hearing as to the issue of consent, whether it be consent to enter or consent to search, is factual in nature. As such, under the guidelines

established . . ., that determination must remain untouched on appeal unless it is "clearly erroneous." . . . [*Id.* at 16, 473 F.2d at 146 (citations omitted).]

Under circumstances similar to the case at hand, the court in *United States v. Turbyfill*, 525 F.2d 57, 59 (8th Cir.1975), held as follows:

An invitation or consent to enter a house may be implied as well as expressed. There was no error in the determination of the district court that the action of [an occupant of the house] in the opening of the door and stepping back constituted an implied invitation to enter. . . .[4] [Citations omitted.]

*See also Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). We do not find the trial court's ruling to be clearly erroneous.

### IV.

■ Appellant asserts that his full cross-examination of the government's fingerprint expert was impermissibly limited by the trial court. It is well established by *Alford v. United States*, 282 U.S. 687, 691, 51 S.Ct. 218, 219, 75 L.Ed. 624 (1931), that "[c]ross-examination of a witness is a

---

3. Appellant raises two other issues which do not merit discussion in the text. Officer Falkosky was the only witness to testify at the suppression hearing. Mrs. Chandler was not called by either party to testify. Appellant claims that Mrs. Chandler's absence creates "a basic missing witness situation and [he requested] the court to find in favor of the Defense on that legal ground." In substance, appellant is contending (1) that all witnesses with firsthand knowledge must be present at the suppression hearing for the government to establish probable cause, or (2) if there are missing witnesses but hearsay testimony, the hearing judge is required, as a matter of law, to conclude that the testifying witness is untruthful. We summarily reject both claims as inaccurate statements of the law. *See McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). *See*

also *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).

It is also contended that undue restriction was placed on inquiry as to a full search of the apartment after the occupants were arrested. However, the evidence used at trial was seized initially (*Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)). Consequently, any subsequent search presented no issue for resolution. *See also Sullivan v. Murphy*, 156 U.S.App.D.C. 28, 56, 478 F.2d 938, 966 (1973).

4. The instant case is unlike *Gatlin v. United States*, 117 U.S.App.D.C. 123, 326 F.2d 666 (1963), or *Judd v. United States*, 89 U.S. App.D.C. 64, 190 F.2d 649 (1951), where it was established that entry was obtained through a display of arms and thus was not regarded as entry with consent.

matter of right." The case continues by holding as follows:

> The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. It may exercise a reasonable judgment in determining when the subject matter is exhausted. . . . There is a duty to protect [the witness] from questions which go beyond the bounds of proper cross-examination . . . . [*Id.* at 694, 51 S.Ct. at 220 (citations omitted).]

Appellant's counsel was otherwise allowed wide latitude in cross-examining this witness. When the inquiry became argumentative and unwarranted, it was within the trial court's discretion to limit the cross-examination. *See Howard v. United States,* 128 U.S.App.D.C. 336, 341, 389 F. 2d 287, 292 (1967). There was no abuse of discretion in doing so here.

### V.

█ Appellant also contends that the trial court erred by not declaring a mistrial at the conclusion of the government's rebuttal closing statement to the jury.[5] While it would have been more professional for the government to avoid appealing to public passion for community safety and security during its summation, in total context we are not able to conclude that denial of a mistrial was an abuse of discretion.

### VI.

█ Finally, we agree with appellant's contention that the government's evidence was insufficient to prove the value under the grant larceny count.[6] The complainant testified that the television set was purchased for $160 and the radio for approximately $40 or $50. Both items were new when purchased but were at least one to two years old and in good working condition at the time of the theft. There was no evidence as to the then current value of these items, and none as to the value of the "beauty supplies, merchandise, equipment and food" alleged in the indictment to have been stolen. We note that it is a close question as to whether the property was valued in excess of $100 at the time of the theft. D.C.Code 1973, § 22–2201. In the instant case we are unable to find the "precision in proof" as required by *In re J. F. T.,* D.C.App., 320 A.2d 322, 325 (1974). *See also Wilson v. United States,* D.C.App., 358 A.2d 324 (1976). However, there is sufficient evidence to convict for petit larceny which requires proof "only that the item(s) taken have value." *Boone v. United States,* D.C.App., 296 A.2d 449, 450 (1972).

### Conclusion

The judgment of conviction with regard to grand larceny is reversed and the case is remanded to the trial court with instructions to enter a judgment of conviction to the charge of petit larceny and to resentence accordingly. The remaining convictions of burglary and destruction of property are affirmed.

*Affirmed in part and reversed and remanded in part.*

---

5. The government acted properly when rebutting appellant's closing statement regarding the nonexistence of an enlarged latent fingerprint demonstration. Further, the prosecutor was entitled to refer to appellant's fingerprint exemplar card which was properly admitted into evidence.

6. In cases of grand larceny, the government has the burden of establishing that the stolen property has a value of at least $100. D.C. Code 1973, § 22–2201. *See Wilson v. United States,* D.C.App., 358 A.2d 324, 325 n.1 (1976).