John C. WILLIAMS, Appellant,

v.

UNITED STATES, Appellee.

No. 11119.

District of Columbia Court of Appeals.

Submitted April 27, 1977.

Decided July 19, 1977.

Dennis M. O'Keefe, Chicago, Ill., appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., Washington, D. C., with whom John A. Terry, William D. Pease, Stanley M. Weinberg and Thomas G. Corcoran, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before GALLAGHER, YEAGLEY and MACK, Associate Judges.

PER CURIAM.

After a jury trial, appellant, was convicted of grand larceny in violation of D.C.Code 1973, § 22–2201. In this appeal he contends that the government's proof was insufficient to support a finding that the stolen articles had a value of $100 or more. We agree with appellant's contention and we therefore reverse his conviction for grand larceny and remand this case to the trial court with instructions to enter a judgment of conviction for petit larceny and to resentence appellant accordingly.[1]

Appellant was found guilty of stealing a television, a leather coat and a watch. The undisputed testimony of the complaining witness was that these items had been purchased for a total of $755. The only other evidence relevant to the value of the items was that there was nothing wrong with the television when it was taken; that shortly after the theft, one of appellant's friends sold the television set for $50–60; that appellant paid $100 to buy the set back for the complaining witness after she told appellant that she would not press charges if he returned the set to her and after the police had questioned appellant about the theft; and that the watch needed fixing.

The law in this jurisdiction regarding the degree of proof necessary to sustain a finding that the value of stolen items is more than $100 is articulated in *Wilson v. United States*, D.C.App., 358 A.2d 324 (1976). In that case this court stated:

> In *Boone v. United States*, D.C.App., 296 A.2d 449, 450 (1972), we approved the strict rule adopted in *United States v. Thweatt*, 140 U.S.App.D.C. 120, 433 F.2d 1226 (1970), that "in a grand larceny case . . . it is reversible error to submit the issue of value to a jury where the only evidence produced was: (a) the physical presence of the items stolen and (b) the owner's statement of original cost." The government must present evidence of an item's value at the time of the theft "sufficient to eliminate the possibility of the jury's verdict being based on surmise or conjecture." *Boone v. United States, supra* at 450. See also *United States v. Henderson*, 142 U.S.App. D.C. 21, 23, 439 F.2d 531, 533 (1970). We have countenanced departure from a strict rule of proof only under circumstances in which the stolen property (1) had been recently purchased at a price well in excess of $100; (2) was in "mint

---

1. This court can modify a judgment of the Superior Court (D.C.Code 1973, § 17–306) and when there is sufficient proof of value to sustain a conviction of petit larceny can direct the trial court to enter judgment accordingly. We find that there was sufficient evidence to prove petit larceny which requires proof only that "the item(s) taken have value." *Boone v. United States*, D.C.App., 296 A.2d 449, 450 (1972).

condition" at the time of the theft; and (3) was not subject to "prompt depreciation or obsolescence." *See In re J. F. T.,* D.C.App., 320 A.2d 322, 325 (1974). [358 A.2d at 325.]

Although there was testimony as to the price appellant and his friend paid for the television set shortly after the theft, thus making the case factually distinguishable from both *Wilson v. United States, supra* and *United States v. Thweatt, supra,* we do not think the evidence is "sufficient to eliminate the possibility of the jury's verdict being based on surmise or conjecture." *Boone v. United States, supra* at 450. The relevant value in determining whether an item is worth in excess of $100 for purposes of the grand larceny statute is its fair market value. *Gaither v. United States,* 134 U.S.App.D.C. 154, 168, 413 F.2d 1061, 1075 (1969). Fair market value is generally defined as that price at which a willing seller and a willing buyer will trade. The jury heard no testimony as to any of the items' fair market value and we do not think that the price appellant paid in order to return the television set to the complaining witness is probative of that value.[2] Appellant was not a "willing" buyer in the sense that term is used in defining fair market value. He was attempting to buy back the set so that criminal charges against him would be dropped. Consequently, under these extraordinary circumstances, it would be illogical to give controlling effect to that particular sale. Without that sale, there is inadequate proof of property value.

This case does not present circumstances which would allow it to come within the exception articulated in *In re J. F. T., supra.* There was no evidence that the articles had been recently purchased or that they were in mint condition as in *J. F. T.* Additionally at least one item, the leather coat, was subject to rapid depreciation and it might well have had almost no value on the retail market.[3]

We have examined appellant's remaining allegations of error and find no reversible error.

*Reversed and remanded with instructions to enter a judgment of conviction of petit larceny and to resentence accordingly.*

---

2. This is not to say, of course, that a recent sale of it is required to establish the value of the property stolen. *See, e. g., In re J. F. T., supra.*

3. We have noted recently a continuing indication of failure in governmental proof sufficient to establish a felony rather than a misdemeanor in larceny cases of this nature. Because of the important difference between a misdemeanor and a felony conviction this court has been careful to require substantial probative evidence of value at the time of theft. *E. g., Terrell v. United States,* D.C.App., 361 A.2d 207, *cert. denied,* 429 U.S. 984, 97 S.Ct. 501, 50 L.Ed.2d 594 (1976); *Boone v. United States, supra.*