**Theodore R. MOORE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 12526.**

District of Columbia Court of Appeals.

Submitted June 8, 1978.

Decided July 5, 1978.

Allen S. Rugg, appointed by the court, for appellant.

John H. Bayly, Jr., Asst. U.S. Atty., Washington, D. C., with whom Earl J. Silbert, U.S. Atty. and John A. Terry, Asst. U.S. Atty., Washington, D. C., were on brief, for appellee.

Before YEAGLEY, MACK and FERREN, Associate Judges.

FERREN, Associate Judge:

A jury convicted appellant of first-degree burglary, D.C.Code 1973, § 22–1801(a), and grand larceny, D.C.Code 1973, § 22–2201, on April 29, 1977. The court sentenced him to consecutive terms of from eight to twenty-five years (burglary) and from one to three years (grand larceny) but suspended sentence and placed appellant on probation for five years, conditioned upon completion of the Regional Addiction Program (RAP).[1] He appeals only his grand larceny conviction.

At trial, appellant's counsel, moved for judgment of acquittal on three different occasions—after the government's opening argument, at the close of the government's case-in-chief, and at the close of all the evidence. Each time counsel maintained that the evidence of value (or, in the first instance, the government's proffered evidence) could not support a grand larceny charge; and each time the trial judge denied the motion. Appellant's only contention on appeal is that the trial court erred in failing to recognize the legal insufficien-

---

1. The government's brief states that the burglary sentence was from eight to twenty-four years, and that the sentences were concurrent. This conflicts with our reading of the judgment and probation order.

cy of the evidence of value of the stolen item. Because his claim is supported by controlling precedent, we must reverse his grand larceny conviction.

 Briefly, the case law has established that the prosecution, to weather a motion for judgment of acquittal, must adduce at least some probative evidence on each of the essential elements of the crime. *Boone v. United States,* D.C.App., 296 A.2d 449, 450 (1972); *United States v. Thweatt,* 140 U.S.App.D.C. 120, 433 F.2d 1226 (1970). An essential element of grand larceny—in fact the only distinction between the felony of grand larceny and the misdemeanor of petit larceny—is a market value for the purloined property of at least $100. Consequently, "it is essential that the government introduce evidence of that value in order to give the jury a firm basis upon which it can render a verdict." *United States v. Thweatt, supra* at 127, 433 F.2d at 1233.

This court has adhered to the strict rule of *Boone* and *Thweatt* that "[t]he government must present evidence of an item's value at the time of the theft 'sufficient to eliminate the possibility of the jury's verdict being based on surmise or conjecture.'" *Wilson v. United States,* D.C.App., 358 A.2d 324, 325 (1976) (citations omitted). *See Terrell v. United States,* D.C.App., 361 A.2d 207 (1976). As explained in *Wilson, supra* at 325, we have relaxed this rigid rule of proof only when evidence of three factors coincided to negate the possibility of jury speculation: (1) a "very recent purchase" of property for substantially more than $100, (2) "mint condition at the time of the theft," and (3) property of a sort not subject to "prompt depreciation or obsolescence." *In re J.F.T.,* D.C.App., 320 A.2d 322, 325 (1974).

 In the present case, the victim of the larceny testified that his aunt had purchased the 19-inch R.C.A. color television approximately fourteen to fifteen months prior to the crime for $300 to $400 and that, when stolen, it was in "almost mint" condi-

tion and worked well. This was the only evidence as to value. The government accordingly did not meet its burden, *see Terrell, supra,* as to any, let alone all, of the three conditions necessary before a grand larceny case, lacking direct evidence of value at the time of theft, can be submitted to the jury.

 Even if we were to assume, solely for the sake of argument, that a purchase fourteen to fifteen months earlier could be considered "very recent" for a television set, and that the victim's testimony verifying "almost mint" condition at the time of theft could be deemed sufficiently probative to reach the jury, we could not say that a $300 to $400 television set was not subject to "prompt depreciation or obsolescence" during the period since purchase. Especially because of this third factor, therefore, we cannot "eliminate the possibility" of jury "surmise or conjecture" that the value equaled at least $100. *Wilson, supra* at 325. Whereas we were willing to take judicial notice in *J.F.T., supra,* that a .38 caliber pistol and a camera did not rapidly depreciate in value, we cannot properly make the same observation about a household appliance. *Compare Terrell, supra* (television set); *Wilson, supra* (leather coat); *Boone, supra* (golf clubs).

 In reaching our decision we are not saying that value must be established by expert testimony. We reaffirm our position that "'[t]he market value of a chattel . . . may be established by the testimony of its non-expert owner . . . .,'" *In re R.D.J.,* D.C.App., 348 A.2d 301, 304 (1975), *quoting Saunders v. United States,* D.C.App., 317 A.2d 867, 868 (1974). No such testimony, however, was proffered here.[2]

 In summary, we are saying that when the government neither offers direct evidence of market value at the time of theft nor satisfies the three conditions justifying an exception to this direct evidence requirement, it falls short of offering the "precision of proof," *In re J.F.T., supra* at

---

2. Whether an owner's testimony as to current market value provides enough information to

get to the jury on that issue will depend on the circumstances of each case.

325, as to value required for submission of a grand larceny charge to the jury.

 The appropriate disposition in similar cases where the evidence supported petit, but not grand, larceny has been to reverse the grand larceny conviction and remand the case for entry of judgment of conviction for petit larceny, D.C.Code 1973, § 22–2202, and for resentencing. *Terrell, supra; Boone, supra; Thweatt, supra.* Because there was sufficient evidence that appellant took property "of value"—the requirement for petit larceny, *Boone, supra* at 450—we do likewise.

*Reversed and remanded.*