**Gilbert J. COMBER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 13486.**

District of Columbia Court of Appeals.

Submitted Jan. 9, 1979.

Decided Feb. 13, 1979.

Andrew L. Lipps, Public Defender Service, Washington, D. C., was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Daniel A. DeRose, and Norman M. Monhait, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before NEBEKER and MACK, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

Appellant, convicted after a jury trial on a felony charge of receiving stolen property (D.C.Code 1973, § 22–2205), claims on appeal that the government's evidence was insufficient to support the finding that the value of the stolen property received was in excess of $100. We agree and reverse.

## I

On December 8, 1976, a burglary occurred at the residence of Rosemary Wilson and Terry Jordan. Reported missing were the following items: one television set; two radios; three men's suits; one pair of boots; three coats; and an unspecified number of shirts, sweaters and shoes. Ferdell Snowden, appellant's cousin, informed the complaining witnesses that appellant had committed the offense. Mr. Snowden, during this period of time, had been staying with appellant and his family in their home. Snowden later took Mr. Jordan, under pretense, into appellant's home where Jordan recognized some of his stolen possessions. Mr. Jordan related this to the police, who obtained a search warrant and searched appellant's home. The police seized a television set, two men's suits, a pair of men's shoes and the two radios. Appellant was charged with second-degree burglary, grand larceny and a felony charge of receiving stolen property, and was acquitted on the first two counts.

## II

■ Value, as an element of a felony charge of receiving stolen property, must be proved with precision. *Moore v. United States,* D.C.App., 388 A.2d 889, 891–92 (1978). The rule, as stated in *Wilson v. United States,* D.C.App., 358 A.2d 324, 325 (1976), is as follows:

> In *Boone v. United States,* D.C.App., 296 A.2d 449, 450 (1972), we approved the strict rule adopted in *United States v. Thweatt,* 140 U.S.App.D.C. 120, 433 F.2d 1226 (1970), that "in a grand larceny case . . . it is reversible error to submit the issue of value to a jury where the only evidence produced was: (a) the physical presence of the items stolen and (b) the owner's statement of original cost." The government must present evidence of an item's value at the time of the theft "sufficient to eliminate the pos-

sibility of the jury's verdict being based on surmise or conjecture." [Citations omitted.] We have countenanced departure from a strict rule of proof only under circumstances in which the stolen property (1) had been recently purchased at a price well in excess of $100; (2) was in "mint condition" at the time of the theft; and (3) was not subject to "prompt depreciation or obsolescence." *See In re J. F. T.,* D.C.App., 320 A.2d 322, 325 (1974).

■ In the case at bar, the government failed to prove fair market value of the stolen property received by appellant. Although there was testimony regarding the purchase price and date of the items seized, no property was introduced into evidence and there was a fatal lack of testimony, from the owners or any expert, regarding the value of the stolen property at the time of the burglary.[1]

■ Moreover, all of the property was subject to prompt depreciation, *Wilson v. United States, supra* (clothes); *Moore v. United States, supra* (television), so that exception from the strict rule of proof would be unwarranted. Accordingly we reverse the felony conviction for receiving stolen property and remand to the trial court with instructions to enter a judgment of conviction for that offense as a misdemeanor and to resentence accordingly. *See Wilson v. United States, supra* at 325.

*Reversed and remanded.*

---

1. The television set was originally purchased for around $110, approximately one year prior to the burglary. The radios and shoes were old and no value was assigned. The two suits were each purchased about one month before the burglary for a total value of between $230 and $270.