Albert CAPERS, Appellant,

v.

UNITED STATES, Appellee.

No. 13519.

District of Columbia Court of Appeals.

Argued May 15, 1979.

Decided June 27, 1979.

Russell F. Canan, Washington, D. C., appointed by this court, for appellant.

John H. E. Bayly, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Michael W. Farrell and Ann Gailis, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

KERN, Associate Judge:

A jury found appellant guilty of grand larceny and destroying property upon testimony by eyewitnesses that he had broken into a parked van and removed from it a bag not belonging to him in which there were, among others, a four-year-old Rolex watch with eight diamonds and a gold band and a two-year-old necklace containing a small diamond and some rubies.

Appellant claims (1) the prosecution evidence as to the value of the stolen jewelry was insufficient to permit the grand larceny charge to have gone to the jury, and (2) the 20-month delay between arrest and trial violated his Sixth Amendment right to a speedy trial and his right under the Interstate Agreement on Detainers (IAD), D.C. Code 1973, § 24–701 et seq., to have the government promptly dispose of the charges against him arising out of the theft from the van. These charges were underlying a detainer lodged against him while he was serving a sentence in Maryland in another criminal case after arrest and before trial in the instant case.

■ We are satisfied upon review of the record that the value of the particular items undergirding the grand larceny charge was established sufficiently to avoid the forbidden result of having his conviction rest upon "surmise or conjecture." *Wilson v. United States*, D.C.App., 358 A.2d 324, 325 (1976). Specifically, the watch and the necklace were purchased at the cost of $800 and $350, respectively, and as items of jewelry containing diamonds, gold and rubies, were not susceptible to depreciation or obsolescence. *Compare Moore v. United States*, D.C.App., 388 A.2d 889 (1978); *Williams v. United States*, D.C.App., 376 A.2d 442 (1977).

■ We are also satisfied that there is sufficient evidence to support the trial court's finding that the delay in bringing appellant to trial from incarceration in Maryland where a detainer had been lodged against him was occasioned not by governmental caprice but by his continuing treatment for tuberculosis. Appellant urges reversal of his conviction on the basis that he was not tried within 180 days of his request for a speedy trial made shortly after the detainer was lodged as required under the IAD. There was evidence, however, that appellant was hospitalized in the Maryland institution until September 28, 1977, and then continued on daily medication under a physician's care at least until the middle of November 1977. Under the IAD, the 180-day period is tolled whenever and so long as the prisoner is unable to stand trial.[1] Based on these circumstances we conclude that the trial court was justified in determining that appellant could not stand trial, thereby tolling the statutory period until November 1977, which was less than 180 days before the commencement of the trial here. Accordingly, we agree with the trial court that the IAD was not violated so as to have required its dismissal of the instant charges.[2]

■ Finally, we note that in applying *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to the 20 months between his arrest and trial to determine whether dismissal of the indictment is necessary because of a constitutional violation, the trial court found as a fact that appellant had suffered no prejudice from the delay insofar as (1) his ability to

1. *See* Articles III(a) and IV(a) of IAD, D.C.Code 1973, § 24–701.

2. Appellant also appears to suggest that IAD requires reversal of his conviction because he was not tried within 120 days of his availability for trial following the lodging of the detainer with the Maryland authorities in violation of Article IV of the IAD. The plain language of the IAD indicates, however, the 120-day period runs from the "arrival of the prisoner in the receiving state." Article IV of the IAD, D.C. Code 1973, § 24–701. Since less than 120 days passed between appellant's return to this jurisdiction on January 22, 1978, and the beginning of his trial on April 7, 1978, and much of that time tolled because of the inability of appellant to stand trial during some of the above period due to his tubercular condition, we must reject this claim.

locate for trial a key witness for his defense,[3] and (2) suffering anxiety while hospitalized for medical treatment for his tubercular condition in the Maryland Penitentiary during most of the period between December 1976 and September 1977.[4] Given the reason for a substantial part of the delay of appellant's trial after his arrest, *viz.*, imprisonment in another jurisdiction and treatment there for an infectious disease, and the absence of a showing of prejudice to appellant, we decline to overturn the refusal of the trial court to dismiss the indictment for violating appellant's constitutional right to a speedy trial.

*Affirmed.*

3. Appellant claimed a man named "Ezel" could have bolstered his defense had he been able to go to trial promptly after arrest. However, the trial court explored at length this likelihood and concluded in essence that appellant's brother was in a position to have located Ezel soon after the alleged criminal incident, that Ezel would have been equally difficult to locate in both 1977 (when trial normally would have occurred) and 1978 (when the trial was in fact held), and that even if Ezel had been produced as a witness, his testimony would not have been helpful to appellant (who was caught in the very act of stealing the bag from the van).

4. Appellant had an extensive record of prior convictions for which he had served terms of imprisonment.