**Lewis W. CURTIS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 90–CF–784.**

District of Columbia Court of Appeals.

Submitted June 12, 1991.

Decided July 24, 1992.

government appraiser was not supported by a

James E. McCollum, Jr., College Park, Md., appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., and John R. Fisher, G. Michael Lennon, and Leslie Ann Wise, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before TERRY and WAGNER, Associate Judges, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge:

Lewis Curtis was indicted on charges of armed robbery, receiving stolen property, and unauthorized use of a vehicle. A jury found him guilty of the two latter charges. He was sentenced to one term of imprisonment for receiving stolen property, a felony. On appeal, Curtis contends that the

preponderance of the evidence.

government failed to produce evidence sufficient to sustain a felony conviction of receiving stolen property. We disagree and affirm.

If the value of the stolen property is $250 or more, the person convicted of receiving stolen property may be sentenced to a prison term not to exceed seven years. D.C.Code § 22–3832(c)(1)(1989). The property in question was a recent vintage Ford Taurus. The complaining witness testified that he borrowed the car from a friend who had rented it from Hertz, a well known car rental company. The car was taken from the complainant on December 29, 1988, and was recovered the next day. The car was fully operable at all times. Photographs of the vehicle taken by a crime scene search officer were entered into evidence.

■ "Value, as an element of a felony charge of receiving stolen property, must be proved with precision." *Comber v. United States*, 398 A.2d 25, 26 (D.C.1979). The government must produce evidence "sufficient to eliminate the possibility that the jury's verdict is being based on surmise or conjecture." *Boone v. United States*, 296 A.2d 449 (D.C.1972).

■ In *Terrell v. United States*, 361 A.2d 207 (D.C.), *cert. denied*, 429 U.S. 984, 97 S.Ct. 501, 50 L.Ed.2d 594 (1976), the stolen property consisted of household appliances which were at least one or two years old. Though concluding that the government's evidence was sufficient to sustain only a petit larceny conviction, a misdemeanor, this court noted that there was "a very close question as to whether the property was valued in excess of $100 at the time of the theft." *Id.* at 211. This case differs from *Terrell*. The question of the Ford Taurus' value is certainly not a close question. A jury could reasonably find that the fair market value [1] of a nearly new four door sedan, fully operable and in good condition as evidenced by the photographs, exceeded $250 at the time of the offense.

Viewed in the light most favorable to the government, and allowing for all reasonable inferences by the jury, there is sufficient evidence to sustain a felony conviction for receiving stolen property. *See Langley v. United States*, 515 A.2d 729, 731 (D.C. 1986).

*Affirmed.*

WAGNER, Associate Judge, dissenting:

In my view, the government failed to establish that the stolen property received by appellant had a value in excess of $250. The only evidence describing the stolen vehicle was that it was a driveable, dirty Ford Taurus, which did not look new to appellant, and that the vehicle had been rented from Hertz.[1] As the government concedes in its brief, "none of the witnesses actually described the Taurus to the jury as a brand new, 1989 model." The year of the vehicle was not in evidence. Given this evidentiary record, I am constrained to dissent.

Under present case law, we adhere to the strict requirement that the government "produce evidence sufficient to eliminate the possibility of the jury's verdict being based on surmise or conjecture." *Boone v. United States*, 296 A.2d 449, 450 (D.C. 1972). Physical presence of the items stolen and the owner's statement of original cost are insufficient to prove value. *Id.; United States v. Thweatt*, 140 U.S.App. D.C. 120, 126–27, 433 F.2d 1226, 1232–33 (1970). Here, the jury was left to speculate impermissibly about the car's value. "While it might be reasonable to presume that the ... value of the [car] was in excess of [$250], the standard of proof in this jurisdiction does not permit such conjecture." *Malloy v. United States*, 483 A.2d 678, 681 (D.C.1984).

Nor can we rely upon our own personal knowledge of the kind of cars Hertz rents, the year of the car or its value. Facts which we know as individual observers outside of the courtroom cannot be substituted

---

**1.** Fair market value is the relevant value. *Williams v. United States*, 376 A.2d 442, 444 (D.C.1977).

**1.** Photographs of the vehicle were introduced into evidence, but the one transmitted adds nothing to the description given in testimony.

for evidence. *See United States v. Lewis,* 833 F.2d 1380, 1385 (9th Cir.1987). Although the majority's disposition of the case has practical appeal, it is not supported by current case law, in my opinion. Since the government failed to prove the essential element of value required for receiving stolen property under the felony statute,[2] appellant's conviction for that offense should be vacated and the case remanded for resentencing under the misdemeanor section of the receiving stolen property statute, D.C.Code § 22–3832(c)(2). *See Malloy, supra,* 483 A.2d at 681. For the foregoing reasons, I respectfully dissent from the opinion of the court.