Anthony J. CASH, Appellant,

v.

UNITED STATES, Appellee.

No. 93–CF–950.

District of Columbia Court of Appeals.

Submitted Sept. 28, 1994.

Decided Oct. 20, 1994.

---

Denise D. Green, Detroit, MI, appointed by the court, was on the brief, for appellant.

Eric H. Holder, Jr., U.S. Atty., and John R. Fisher, Thomas C. Black, Nancy R. Page, and M. Evan Corcoran, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before FARRELL and KING, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

■ Appellant, Anthony Cash, appeals his conviction for possession with intent to distribute a controlled substance ("PWID"), in violation of D.C.Code § 33–541(a) (1981). He raises three claims of error, one of which requires reversal of the conviction.[1] Specifically, during final instructions, without either counsel expressing an objection, the court gave the instruction for simple possession of a controlled substance, rather than the instruction for possession with intent to distribute.[2] Thus, the jury was never told that, in order to convict, it must be satisfied that the government proved that appellant had the specific intent to distribute the controlled substance. The government concedes this instructional error requires reversal and we agree. *White v. United States,* 613 A.2d 869, 879 (D.C.1992) (en banc).

The evidence, taken in the light most favorable to the government, established that the police observed Cash receiving money from a man standing next to him. Moments later, after being warned that the police were in the vicinity, Cash placed nine ziplock bags, each containing a twenty-dollar rock of crack cocaine, into the handle of a dumpster. An expert witness testified that the quantity and packaging of the seized contraband was consistent with an intent to distribute. Additionally, the police recovered two hundred fifty-one dollars in bills from Cash's pants pocket. On these facts, there was sufficient evidence to sustain a conviction for posses-

---

1. There is no merit in either of Cash's other two claims, which we must address in the event the government agrees, as discussed infra, to accept the jury's verdict as a conviction of simple possession of a controlled substance. In one claim, Cash contends the prosecutor violated his due process rights by failing to disclose, in response to a request made pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the contents of the arresting officer's personnel file relating to complaints made against the officer in matters unrelated to this case. Cash contends that the information could have been used to impeach the officer's testimony. Even assuming the information was disclosable, *but see United States v. Akers,* 374 A.2d 874 (D.C.1977), Cash has made no showing that the information sought would be admissible to impeach the witness. *See Sherer v. United States,* 470 A.2d 732 (D.C.1983), *cert. denied,* 469 U.S. 931, 105 S.Ct. 325, 83 L.Ed.2d 262 (1984). Moreover, we will reverse for failure to disclose

in violation of *Brady* "only where there is reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Edelen v. United States,* 627 A.2d 968, 971 (D.C.1993). There is nothing in the record that would support reversal applying that standard.

Cash also contends that certain of the prosecutor's comments in closing argument (all made without objection) were improper, and the trial court's failure to intervene, *sua sponte,* was error warranting reversal. We will reverse under these circumstances "only in a particularly egregious case, when a miscarriage of justice would otherwise result." *McGrier v. United States,* 597 A.2d 36, 41 (D.C.1991) (internal citation and quotation omitted). This is not such a case.

2. CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.28 (simple possession) and No. 4.29 (possession with intent to distribute) (4th ed. 1993).

sion with intent to distribute, given a properly instructed jury. *Spriggs v. United States,* 618 A.2d 701, 704 (D.C.1992) (quantity, packaging, and value of drugs possessed by defendant was more consistent with intent to distribute than with personal use, and circumstances surrounding defendant's arrest supported inference of intent to distribute).

There was also sufficient evidence to support a conviction for simple possession. *Wright v. United States,* 588 A.2d 260 (D.C. 1991); *Bourn v. United States,* 567 A.2d 1312, 1318 (D.C.1989) (simple possession is a lesser included offense of PWID). Because of the instructional error, however, we reverse the PWID conviction and remand the case to the trial court either for a retrial on that offense, or at the election of the government, for entry of judgment on the lesser

included offense of possession of narcotics.[3] *See, e.g., Moore v. United States,* 388 A.2d 889, 892 (D.C.1978) (where government failed to present sufficient evidence of value element to support grand larceny conviction case, remanded for entry of judgment on petit larceny) (citation omitted).

*Reversed.*

MACK, Senior Judge, separate statement:

I agree that the instructional error mandates reversal. On remand, however, I would not permit, at the sole election of the government, an entry of a judgment for the lesser included offense of simple possession.

---

3. Before trial, the government filed a notice of prior convictions which, pursuant to D.C.Code § 33–548 (1981), would have permitted the trial court to impose a sentence twice that ordinarily authorized for a conviction of PWID. The government requests that we rule at this time, in the event that it agrees to the entry of judgment for simple possession on remand, that the previously filed notice could serve to enhance the sentence for that offense. Since we conclude that issue should be first addressed by the trial court, we decline the government's invitation to decide it.