Alemay SAMSON, Appellant,

v.

UNITED STATES, Appellee.

No. 95–CM–1827.

District of Columbia Court of Appeals.

Submitted March 13, 1997.
Decided April 17, 1997.

George N. Elfter for appellant.

Roy W. McLeese, III, Assistant United States Attorney, Washington, DC, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Assistant United States Attorney, were on the brief, for appellee.

Before WAGNER, Chief Judge, and FERREN and KING, Associate Judges.

PER CURIAM.

Alemay Samson was charged with attempted distribution of marijuana [1] and attempted possession with intent to distribute marijuana [2] stemming, respectively, from a sale to an undercover officer inside an apartment on one day and the recovery of marijuana from the same apartment two days later when Samson was arrested during the execution of a search warrant. After he was arrested, Samson was identified by the undercover officer as the person who sold the contraband two days earlier. Samson was convicted on the two charges and he now seeks reversal, contending both that the evidence on the sale count was insufficient because of an unreliable identification by the undercover officer and that there was instructional error with

1. D.C.Code § 33–541(a)(1), (2)(D), § 33–549 (1993 Repl.).

2. *Id.*

respect to the possession with intent to distribute count. We reject the former claim, but agree that the possession with intent to distribute conviction must be reversed for the reason stated below.[3]

First, Samson challenges the sufficiency of the evidence on the attempted distribution charge, arguing that the identification was unreliable because there is no mention in the officer's paperwork, prepared after the sale on the first day, that the seller wore his hair in dreadlocks. It is not disputed that Samson wore his hair in that style two days later when he was arrested. It is clear from the record that the officer viewed the seller on at least two separate occasions on the first day and that the encounters were of such duration to permit an experienced police officer to observe his facial features. The officer identified appellant at trial without expressing any uncertainty. The circumstances surrounding the identification were sufficiently reliable to allow submission of the case to the jury. *See Hill v. United States,* 541 A.2d 1285 (D.C.1988). Therefore, we will not disturb the jury's verdict.

Second, with respect to the attempted possession with intent to distribute charge, the government concedes, as it must under *Cash v. United States,* 648 A.2d 964, 965 (D.C.1994), that the asserted instructional error is fatal. The trial court inadvertently omitted from its instructions the element of the offense requiring the government to establish that the marijuana was possessed "with the specific intent to distribute it."[4] Neither counsel brought the omission to the court's attention, and the jury verdict was therefore based upon an instruction that defined attempted possession of marijuana, but not the offense of attempted possession with

intent to distribute. The same instructional error occurred in *Cash* and, as in that case, we reverse the conviction of the greater offense.[5]

*Affirmed in part and reversed in part.*

---

3. Although this case establishes no new rule of law and the issues are easily resolved, we are issuing this published opinion because our internal operating procedures require us to do so when we reverse, as we must here, one of two criminal convictions.

4. Criminal Jury Instructions for the District of Columbia, No. 4.29 (4th ed.1993).

5. Because there was sufficient evidence to support a verdict for the greater offense, given a

proper instruction, the government would be entitled, on remand, to a new trial on that charge. Alternatively, the government could agree to accept a verdict for the lesser included offense of attempted possession because there is a sufficient evidentiary predicate for a conviction of that offense. *See Cash, supra,* at 966. The government advises us in its brief that it prefers the latter course, therefore, on remand the trial court should enter judgment for the lesser offense.