**Shaheed SALIM, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83–557.

District of Columbia Court of Appeals.

Argued March 20, 1984.

Decided Sept. 12, 1984.

---

A. Palmer Ifill, Washington, D.C., for appellant.

Terence J. Keeney, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Judith Hetherton, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before FERREN and ROGERS, Associate Judges, and SALZMAN, Associate Judge, Superior Court of the District of Columbia.[1]

ROGERS, Associate Judge.

Appellant contends on appeal that the trial court erred when it permitted two defense witnesses, who had previously testified before the grand jury which indicted appellant, to assert their Fifth Amendment privilege not to incriminate themselves. The government concedes that the trial court erred in permitting the witnesses to assert a Fifth Amendment privilege without determining whether and to what extent they had waived such privileges by testifying before the grand jury. We agree, and accordingly remand the case to the trial court for an evidentiary hearing on the scope and applicability of the witnesses' claimed privileges. Upon review of appellant's other claims of error, we find only one to be meritorious; that error, relating to the sufficiency of the evidence of value of the stolen property, requires that we vacate the felony conviction for receiving stolen property. On remand the trial court shall enter a judgment of conviction

for the misdemeanor of receiving stolen property unless it determines, upon consideration of the Fifth Amendment issue, that a new trial is required on the misdemeanor charge.

### I.

Appellant was charged with grand larceny (D.C.Code § 22–2201 (1981)) receiving stolen property (felony) (*id.* § 22–2205) and obstruction of justice (*id.* § 22–703) as the result of allegations that he had stolen tools and automobile tires from a garage which he and one of the complaining witnesses owned. At the conclusion of the government's case-in-chief, the prosecutor tendered as potential defense witnesses Parker and Moore, two employees of appellant who had been subpoenaed by the government but were not called to testify. The government's evidence identified both young men as possibly having some complicity in the thefts. Both had testified before the grand jury and been informed of their Fifth Amendment right not to incriminate themselves; Parker had the benefit of counsel at that time, Moore did not. When appellant prepared to call Parker as a witness,[2] the trial judge advised both Parker and Moore, who were juveniles, of their right not to incriminate themselves. When they expressed their desire to testify, the court appointed counsel to re-advise them and to review their grand jury testimony with them. Thereafter, both witnesses asserted a privilege in direct, unsworn testimony to the trial judge, who accepted their assertions.

■ The general rule is that a witness who voluntarily testifies in one proceeding does not waive his Fifth Amendment privi-

1. Sitting by designation pursuant to D.C.Code § 11–707(a) (1981).

2. Appellant proffered that Parker, who had been seen by a witness at appellant's garage the day the thefts were committed, would testify that appellant had instructed him to remove the tires from one of appellant's cars and put them on another car belonging to appellant, and that

Parker had removed the allegedly stolen tires from a car he believed belonged to appellant. On appeal appellant contends that his trial counsel made it clear he would use the witnesses solely for their grand jury testimony, but the record indicates counsel's statement to the court was that he might so limit the trial testimony of the witnesses.

lege in a separate proceeding.[3] However, in *Ellis v. United States*, 135 U.S.App.D.C. 35, 44, 416 F.2d 791, 800 (1969), the District of Columbia Circuit held that

> [a] witness who voluntarily testifies before a grand jury without invoking the privilege against self incrimination, of which he has been advised, waives the privilege and may not thereafter claim it when he is called to testify as a witness at the trial on the indictment returned by the grand jury where the witness is not the defendant, or under indictment.

That decision is binding on us under *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C.1971). The rationale for the exception in this jurisdiction is that where there is a legally valid waiver of the privilege at the intitial proceeding, during which most of the evidence was disclosed, there is no real danger of legal detriment arising out of the second disclosure. *See Alston v. United States*, 383 A.2d 307, 313 (D.C.1978), (citing *Ellis, supra*, 135 U.S.App.D.C. at 45, 416 F.2d at 801).

 It nevertheless remains the duty of the trial judge (not the witness nor counsel) to determine whether a witness can properly assert the privilege. *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). A witness' Fifth Amendment privilege is narrower than that of a defendant; a witness may not assert a blanket privilege when a narrower privilege will suffice to protect his interests. *Id.* at 486, 71 S.Ct. at 818 (Fifth Amendment protection for witnesses must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer); *Marchetti v. United States*, 390 U.S. 39, 53, 88 S.Ct. 697, 705, 19 L.Ed.2d 889 (1968); *Letsinger v. United States*, 402 A.2d 411, 416 (D.C.1979); *Vaughn v. United States*, 364 A.2d 1187, 1189 (D.C.1976). Additionally, the privilege of a witness who is not the accused generally exists only with regard to specific questions and does not encompass a refusal to take the stand. *Alston, supra*, 383 A.2d at 313. The trial judge can usually make a determination whether a witness has properly invoked the privilege only when the witness is sworn and invokes the privilege in response to specific questions. *Vaughn, supra*, 364 A.2d at 1189; *United States v. (Thomas) Reese*, 183 U.S.App.D.C. 1, 7, 561 F.2d 894, 900 (1977). However, the trial judge may bar a witness from testifying in the jury's presence upon a determination that the witness is asserting a proper claim of privilege which has not previously been waived and will refuse to answer any questions. *Alston, supra*, 383 A.2d at 313; *(Gene) Reese v. United States*, 467 A.2d 152, 157 (D.C.1983).

In examining whether the witnesses had Fifth Amendment privileges, the trial judge herein inquired of the prosecutor (who stated there was a potential problem of the witnesses' complicity in the criminal activity and that no promises had been made to them) and allowed defense counsel to make a proffer of the testimony he sought to elicit from the witnesses. Upon advising the witnesses of their Fifth Amendment rights, and commenting on the possibility of perjury prosecutions, the trial judge appointed counsel for each witness and gave counsel copies of the witnesses' grand jury testimony. Thereafter, the witnesses' counsel stated that they had read the grand jury transcript and were satisfied that the witnesses had a legitimate basis for asserting their Fifth Amendment privilege. The trial judge did not inquire further, being satisfied that there was a reasonable basis for each to anticipate criminal liability from his testimony. When defense counsel requested that the trial judge review the grand jury testimony, he declined; when

---

**3.** *United States v. Licavoli*, 604 F.2d 613, 623 (9th Cir.1979) *cert. denied*, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980) (waiver of Fifth Amendment privilege is limited to the particular proceeding in which the waiver occurs; *Ellis, supra*, departs from prevailing rule). In *Licavoli*, the witness' grand jury testimony was read to the trial jury and the defendant was, the Circuit Court noted, thus able to present the substance of the witness' expected trial testimony.

15

defense counsel stated he might limit the witnesses' evidence to their grand jury testimony, the trial judge was skeptical that this could be done since the prosecutor's cross-examination of the witnesses could possibly go into areas beyond their grand jury testimony. *Ellis, supra,* 135 U.S.App. D.C. at 47, 416 F.2d at 803.

▮ We hold that the trial judge inadequately evaluated the witnesses' assertions of privilege. *Alston, supra,* 383 A.2d at 313; *Vaughn, supra,* 364 A.2d at 1189. He refused to inspect the grand jury testimony of Parker and Moore, failed to put them under oath, and accepted the assertions of their appointed counsel that there was a good faith basis for their assertions of privilege despite the fact both witnesses had testified at the grand jury. This was error; the trial judge must determine from *all* the circumstances whether the witnesses have a reasonable cause to apprehend a real danger of prosecution. *(Gene) Reese, supra,* 467 A.2d at 156–57. Because Parker and Moore had testified before the grand jury, a proper consideration of all the circumstances required the trial judge to examine the grand jury testimony and to conduct a voir dire of the two witnesses outside the presence of the jury. The judge should then have compared each witness' answers with his grand jury testimony on a question-by-question basis in order to determine whether either had waived his privilege and if not, whether either could testify at trial without "reasonable cause to apprehend danger," *Hoffman, supra,* 341 U.S. at 486, 71 S.Ct. at 818, from further incrimination. *Ellis, supra,* 135 U.S.App. D.C. at 46, 416 F.2d at 802; *Gomez-Rojas*

*v. United States,* 507 F.2d 1213, 1220 (5th Cir.), *cert. denied,* 423 U.S. 826, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975) (custom is for trial court to examine witness outside the presence of the jury to determine the validity of a waiver of the privilege against self-incrimination).[4]

▮ Since the trial judge erroneously accepted Parker's and Moore's assertions of privilege, the proper remedy is to remand the case to the trial court for an evidentiary hearing to determine whether and to what extent Parker and Moore waived their Fifth Amendment privilege by testifying before the grand jury. *Gomez-Rojas, supra,* 507 F.2d at 1220. In view of the possibly critical nature of the witnesses' testimony, a remand will enable the trial judge to examine the grand jury testimony to determine if the privilege has been waived, and the scope of the claimed privilege. *Id.* at 1220. On remand, Parker and Moore should be sworn, and appellant should be permitted to put relevant questions to them; the witnesses should be required to assert any privilege on a question-by-question basis.[5] The same procedure should be followed with respect to government cross-examination. With a copy of each witness' grand jury testimony the trial court can determine, with respect to any assertion of privilege, whether the witness has waived the privilege. In the event either witness has a valid privilege which he has not waived, the trial court may, in its discretion, refuse to allow the witness to take the stand, if it determines that the witness will, properly, refuse to answer essentially all questions. *(Gene)*

**4.** To sustain the privilege, it usually need only be evident from the implications of the question, in the setting in which it is asked, "that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Hoffman, supra,* 341 U.S. at 486–87, 71 S.Ct. at 818–19. Thus, in *(Gene) Reese, supra,* this court sustained the trial court's finding that a witness had properly asserted his Fifth Amendment privilege where another witness had seen him near the scene within minutes of the crime, and held the trial court had not erred

in failing to require the witness to invoke the privilege on a question-by-question basis since the witness had personally informed the court of his decision not to testify. Unlike the witness in *(Gene) Reese, supra,* however, the witnesses in the instant case had testified before the grand jury.

**5.** The witnesses cannot, of course, be forced to prove that they will incriminate themselves by testifying. *(Thomas) Reese, supra,* 183 U.S.App. D.C. at 7, 561 F.2d at 900.

*Reese, supra,* 467 A.2d at 157; *Bowles v. United States,* 142 U.S.App.D.C. 26, 32, 439 F.2d 536, 542 (1970) (en banc), *cert. denied,* 401 U.S. 995, 91 S.Ct. 1240, 28 L.Ed.2d 533 (1971).[6] If, on the other hand, either witness should have been permitted to testify, the trial judge must determine whether the exclusion of their testimony was harmless beyond a reasonable doubt, or whether a new trial on the misdemeanor charge of receiving stolen property is required. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

## II.

Appellant also appeals his felony conviction for receiving stolen property on the grounds that the evidence was insufficient to support the conviction.[7] The government concedes that the evidence was insufficient and seeks a remand to the trial court for resentencing on the lesser-included misdemeanor offense of receiving stolen property. Receiving stolen property is a felony if the value of the property is $100 or more. D.C.Code § 22–2205 (1981). Receipt of stolen property of less than $100 is a misdemeanor. *Id.* The main evidence of the value of the four stolen tires was the owner's testimony identifying the type of tire (General Jumbo 780s, whitewalls), the number of miles they had been driven (8,000 to 9,000 miles), the original purchase price ($180 for five tires), and his personal opinion that the tires were relatively new, and that the wheels and tires had an estimated value of $225; he did not testify when he had bought the tires and there was no evidence about how much the use had reduced their value. The other evidence of value was that which could be inferred from photographs of a car with the tires and the evidence of their theft and receipt, presumably indicating the tires were still of some use. ·

██ We agree the evidence was insufficient to support the felony conviction, *Comber v. United States,* 398 A.2d 25, 26 (D.C.1979) (in prosecution for feloniously receiving stolen property, strict rule requires the government to present evidence of an item's value at the time of the theft "sufficient to eliminate the possibility of the jury's verdict being based on surmise or conjecture") (citations omitted) (quoting *Boone v. United States,* 296 A.2d 449, 450 (D.C.1972)), but we decline to dismiss the indictment as appellant requests. The evidence was sufficient to sustain a misdemeanor conviction for receiving stolen property, and we cannot determine on the record before us whether appellant's defense was prejudiced by the trial court's acceptance of Parker's and Moore's assertions of their Fifth Amendment privilege. Upon remand the trial court can assess the materiality of any testimony which it concludes was erroneously excluded, *Lewis v. United States,* 393 A.2d 109, 118 (D.C. 1978) *aff'd on rehearing,* 408 A.2d 303 (1979); the materiality of any suppressed testimony is to be determined with reference to *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) *cited in Lewis, supra,* 393 A.2d at 118. Thus, except as discussed in Part I of this opinion, upon remand the trial court should enter a judgment of conviction for the misdemeanor of receiving stolen property and resentence appellant accordingly. *Comber, supra,* 398 A.2d at 26; *Wilson v. United States,* 358 A.2d 324, 325 (D.C.1976).[8]

---

**6.** As noted in *(Gene) Reese, supra,* 467 A.2d at 157 n. 6:

> [A] witness should not be put on the stand for the purpose of having him exercise his privilege before the jury .... This would only invite the jury to make an improper inference .... For the same reason no valid purpose can be served by informing the jury that a witness has chosen to exercise his constitutional privilege.

*Id.* (quoting *Bowles v. United States, supra,* 142 U.S.App.D.C. at 32, 439 F.2d at 542).

**7.** The jury convicted appellant of the felony of receiving stolen property but acquitted him of grand larceny and obstruction of justice.

**8.** Since appellant was acquitted of Grand Larceny, we need not address his claim that the trial court erroneously instructed the jury that appellant could be convicted of Grand Larceny as an

 We find no merit to appellant's claim that the trial judge erroneously refused to dismiss the indictment as charging two separate and distinct offenses in a single count. Count I of the indictment charged appellant with Grand Larceny of tools belonging to several people and tires belonging to James Hawk and Guy Hawkins; Count II charged him with receipt of stolen property of the tires belonging to Guy Hawkins. The jury was instructed by the trial judge, and on the verdict form, that it could only convict appellant of Count II if it acquitted him of Grand Larceny of Mr. Hawkins' tires. "Duplicity is defined as 'the joining in a single count of two or more distinct and separate offenses.'" An indictment is duplicitous if it charges in a single count two or more distinct offenses. *Ruth v. United States,* 438 A.2d 1256, 1262 (D.C.1981) (quoting 1 C. Wright, Federal Practice and Procedure § 142, at 306 (1969). By its plain language, the indictment here charged alternative offenses which is permissible. *Id.; United States v. Bradford,* 344 A.2d 208, 218 (D.C. 1975) (dictum).

 Finally, appellant asserts he is entitled to copies of Parker's and Moore's grand jury testimony under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (government duty to disclose exculpatory material known to the government). There is no indication in the record that appellant ever made a *Brady* request prior to trial; at trial he requested the transcripts only to formulate his challenge to the trial court's exclusion of Parker's and Moore's testimony. Super.Ct. Crim.R. 6(e) permits disclosure of grand jury proceedings despite the strong policy in favor of the secrecy of such proceedings. The decision whether to release grand jury transcripts is committed to the sound discretion of the trial court. *United States v. Alexander,* 428 A.2d 42, 52 (D.C.1981). In pretrial motions for disclosure, the party seeking disclosure must demonstrate a particularized need for the material sufficient to outweigh the strong policy in favor of secrecy. *Id.* We leave it to the trial court to determine, in the first instance, whether appellant has demonstrated such need.

Accordingly, in view of the improper acceptance of the witnesses' assertion of their Fifth Amendment privilege not to incriminate themselves, and the government's insufficient evidence of value to support appellant's conviction of the felony of receiving stolen property, we vacate the conviction of felony of receiving stolen property, and remand the case to the trial court for further proceedings consistent with this opinion.

*Reversed in part, vacated in part, and remanded.*

---

aider and abettor. Our review of the record indicates that any error in giving the instruction was harmless. *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).