Milton Lee DAVIS, Jr., and Harrison Kemper, Appellants,

v.

UNITED STATES, Appellee.

Nos. 82–1290, 82–1301.

District of Columbia Court of Appeals.

Argued June 13, 1984.

Decided Oct. 4, 1984.

Steven H. Goldblatt, Washington, D.C., Georgetown University Law Center, ap-

pointed by this court, with whom Samuel Dash, Washington, D.C., Norman A. Townsend, Susan Siegal, Karen Marie Jones, Student Counsel # 3751, and David Pierce, Student Counsel #3753, were on the brief, for appellant Davis.

Jo Ann Abramson, Washington, D.C., appointed by this court, for appellant Kemper.

Helen M. Bollwerk, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, MACK, Associate Judge, and YEAGLEY, Associate Judge, Retired.

NEWMAN, Chief Judge:

Davis and Kemper were convicted of carrying a pistol without a license. D.C. Code § 22–3204 (1981). They assert several grounds for reversal, only one of which has merit.[1] We find that the trial court violated appellant Davis' Fifth and Sixth Amendment rights to due process and to present witnesses in his defense by improperly sustaining a claimed Fifth Amendment privilege against self-incrimination by a witness called by Davis. We affirm the conviction of Kemper and remand the record as to Davis for further proceedings.

Davis and Kemper were stopped in a yellow Chevette by police officers responding to a lookout for a car involved in a recent shooting.[2] Two other persons, Cassandra Perry and Theodore Garvin, were also in the car. Perry was the driver and Garvin was in the front passenger seat. Kemper was seated directly behind the driver and Davis was seated on the rear passenger side. As they approached the driver's side of the car, one of the officers noticed that Kemper had a gun in his lap, which he was holding in his right hand. The officer told him to place his hands in view and drop the gun, but Kemper did not comply, instead shifting the gun to the left side and attempting to place it between the seat and the side panel of the car. When he placed his hands in view, the gun was not visible. The occupants were removed from the car and arrested.

The police recovered an automatic pistol loaded with four bullets from the rear floorboard of the car behind the driver's seat. The gun appeared to be the one which Kemper had attempted to conceal. A belt and holster were recovered from the transmission hump in the rear of the car. A quantity of heroin was also found in the car.[3] The gun was dusted for latent fingerprints, but fingerprints could not be developed. The gun was later test fired and found to be operable. None of the occupants of the car was licensed to carry a gun in the District of Columbia.

Davis, Kemper, Garvin and Perry were jointly charged with carrying a pistol without a license and unlawful possession of a controlled substance. D.C.Code § 33–541(c) (1981). Garvin pled guilty to possessing heroin and the court granted the government's motion to dismiss the pistol charge as part of the plea bargain.

1. Both appellants contend that the evidence was insufficient to sustain their convictions. Kemper claims that the trial court erred in failing to *sua sponte* sever his case from that of appellant Davis and Cassandra Perry. Davis asserts that the trial court erred in admitting evidence of an assault which had allegedly occurred directly before the incident which gave rise to the pistol charge.

2. There was evidence at trial that appellant Davis had been involved in a shooting at 9th and O Streets, N.W. about twenty minutes before the car was stopped in the 600 block of S Street. Davis allegedly left the scene of the shooting in a yellow Chevette with three other persons including a woman driver. The police had a description of the car and a license tag number, both of which corresponded to the car in which the appellants, Perry and Garvin were riding.

3. The prosecutor introduced evidence that nine packets of heroin had been recovered from the Chevette. Four of the packets were in the right pocket of a jacket seized from the transmission hump in the front seat of the car. Five additional packets were inside a nylon bag on the rear floor of the car behind the driver's seat.

Davis indicated prior to trial that he would call Garvin to testify about events occurring in the car. Garvin declined to testify because his plea agreement did not bar potential prosecution by the Corporation Counsel of the District of Columbia for possession of an unregistered firearm and unregistered ammunition.

■ The due process clause of the Fifth Amendment requires that a defendant's right under the Sixth Amendment to have compulsory process for obtaining witnesses on his behalf be protected by the judiciary. *See Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967); *Salim v. United States*, No. 83–557 (D.C. September 12, 1984); When a witness called by the defendant claims the privilege against self-incrimination, it is the duty of the trial judge—not the witness nor his counsel—to determine whether the witness can properly invoke the privilege. *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed.2d 1118 (1951). While a witness' privilege extends beyond "answers that would in themselves support a conviction ... [to] those which would furnish a link in the chain of evidence needed to prosecute ... this protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." *Id.* at 486, 71 S.Ct. at 818 (citations omitted). Although it would be paradoxical and improper to require a witness to overtly prove the danger of self-incrimination, the trial court, after properly informing itself, must determine from the totality of the circumstances whether the witness has a reasonable cause to apprehend danger. *Mason v. United States*, 244 U.S. 362, 365, 37 S.Ct. 621, 622, 61 L.Ed. 1198 (1917); *Alston v. United States*, 383 A.2d 307, 312 (D.C. 1978). A witness may not assert a blanket

privilege where a narrower assertion will suffice to protect his rights. *Vaughn v. United States*, 364 A.2d 1187, 1189 (D.C. 1976). To properly inform itself, when dealing with a witness who is not a defendant (or is no longer one), the trial court will generally have to permit an examination of the witness, out of the presence of the jury, and rule on the claim of privilege as asserted when each question is propounded. *Salim v. United States, supra,* slip op. at 6; *Vaughn, supra,* 364 A.2d at 189; *United States v. Reese,* 183 U.S.App.D.C. 1, 7, 561 F.2d 894, 900 (1977).

■ Here, the trial court made no inquiry to determine whether the witness was in a situation where he had reasonable cause to apprehend danger. The totality of the court's inquiry consisted of asking the witness whether upon advice of counsel, he desired to invoke the privilege against self-incrimination. When the witness answered in the affirmative, the trial court ruled the witness could not be called. This was error. This error was compounded when the trial court declined even to permit counsel to proffer for the record what he expected the testimony of Garvin to be. Nor did the trial court consider the alternatives which might have resolved any conflict between Davis' rights under the Fifth and Sixth Amendments and any reasonable concerns that Garvin might have about self-incrimination such as the court seeking an agreement by the Corporation Counsel not to prosecute the registration offenses.[4]

Since the record will not permit us to sustain the ruling of the trial court for reasons previously stated, we remand the record for further proceedings. *Compare Salim v. United States, supra* (remand appropriate where trial court failed to inquire sufficiently to determine whether witnesses had valid Fifth Amendment privilege); and *Matthews v. United States,* 459

---

**4.** We further note that on this record, it is far from clear that there could be the reasonable apprehension of danger of prosecution of the registration offenses that would permit the trial court to sustain invocation of the privilege. *See*

*In re Jerry Neal,* 475 A.2d 390 (D.C.1984). *See also In re Corrugated Container Antitrust Litigation,* 662 F.2d 875, 883 (D.C.1981); *United States v. Pardo,* 636 F.2d 535, 543 (D.C.Cir.1980).

A.2d 1063 (D.C.1983) (remand of record appropriate where trial court failed to inquire whether defense counsel had adequately prepared for trial when defendant made a pretrial challenge to effectiveness of counsel). On remand, the trial court after proper inquiry and proceedings consistent with this opinion, must determine whether Garvin could properly decline to testify. If the court determines he could properly so decline, its task is complete. If, on the other hand, the trial court determines there is no proper claim against self-incrimination, it must evaluate the testimony of Garvin and determine the consequences on the conviction of that testimony. In other words, the trial court must determine whether the government has demonstrated that the omission of Garvin's testimony at trial was harmless error using the standard of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *Cf. Tabron v. United States,* 410 A.2d 209 (D.C.1979); *Ibn-Tamas v. United States,* 407 A.2d 626 (D.C.1979). Since the government has the burden of proof on this issue on remand, it must bear the burden of witness unavailability, failed memory since the time of trial, or other impediment to the taking of Garvin's testimony. If the trial court determines that any error was harmless beyond a reasonable doubt, its task is complete. If on the other hand, it does not so conclude, it should vacate the conviction and permit a new trial.

*The record is remanded for proceedings in accordance with this opinion.*