George E. CARTER, Appellant,

v.

UNITED STATES, Appellee.

No. 98–CO–1252.

District of Columbia Court of Appeals.

Argued Sept. 17, 2001.
Decided Oct. 17, 2001.*

John T. Moran, Jr., appointed by the court, for appellant.

Elizabeth Trosman, Assistant United States Attorney, with whom Wilma A. Lewis, United States Attorney at the time the brief was filed, and John R. Fisher, Assistant United States Attorney, were on the brief, for appellee.

Before STEADMAN and WASHINGTON, Associate Judges, and BELSON, Senior Judge.

WASHINGTON, Associate Judge.

On remand from this court in *Carter v. United States,* 684 A.2d 331 (D.C.1996) (en banc), the trial court entered an Order denying appellant George Carter's[1] motion for a new trial, and he now appeals. Appellant argues that he was entitled to a new trial because a defense witness, appellant's brother Craig Carter,[2] was improperly allowed to invoke his Fifth Amendment privilege against self-incrimination

---

* The disposition of this case was originally issued as a Memorandum Opinion and Judgment on October 17, 2001, and is now being published at the request of appellee.

1. Hereinafter "appellant."

2. Hereinafter "Carter."

and refused to testify at appellant's original trial. Appellant contends that Carter waived his Fifth Amendment privilege when he disclosed that he was a chronic drug user during a presentence interview that predated appellant's trial. Because we find that the trial court properly concluded that Carter had not waived his right to assert his Fifth Amendment privilege, we affirm.

█ Relying on the Supreme Court's opinion in *Minnesota v. Murphy*, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984), appellant argues that Carter's disclosures during a presentence interview regarding his drug use effectively waived his Fifth Amendment right not to testify at appellant's armed robbery trial.[3] The trial court disagreed with appellant's argument, ruling that Carter had not waived his Fifth Amendment privilege, and thus could not be compelled to testify at a new trial. While we need not pass upon all aspects of the trial court's waiver analysis, we do agree that Carter did not waive his right to assert his privilege at appellant's trial, and that appellant's motion for a new trial was properly denied.

In *Ellis v. United States*, 135 U.S.App. D.C. 35, 416 F.2d 791 (1969),[4] our local waiver rule was established. In that case, the court held that:

a witness who voluntarily testifies before a grand jury without invoking the privilege against self-incrimination, of which he has been advised, waives the privilege and may not thereafter claim it when he is called to testify as a witness at the trial on the indictment returned by the grand jury, where the witness is not the defendant, or under indictment.

135 U.S.App.D.C. at 44, 416 F.2d at 800.[5] *See also Salim v. United States*, 480 A.2d 710, 714 (D.C.1984) (explaining that the rationale underlying this approach to waiver is that "where there is a legally valid waiver of the privilege at the initial proceeding, during which most of the evidence was disclosed, there is no real danger of legal detriment arising out of the second disclosure") (citing *Alston v. United States*, 383 A.2d 307, 313 (D.C.1978)). *Cf. Harris v. United States*, 614 A.2d 1277, 1282 (D.C.1992) (holding that a witness who voluntarily testifies under oath at a suppression hearing waives the right to claim the Fifth Amendment privilege during a subsequent trial, despite not being advised). However, the waiver would not apply to "any question that would require disclosure of [a] new matter of substance." *Ellis, supra*, 135 U.S.App.D.C. at 49, 416 F.2d at 805.

█ The *Ellis* court also distinguished a "formal proceeding" from the type of presentence interview at issue here:

There is, of course, an important distinction between prior sworn testimony at a formal proceeding, for example a grand

---

3. The issue before the Supreme Court in *Murphy, supra*, 465 U.S. at 420, 104 S.Ct. 1136, was whether incriminating statements made by the defendant to his probation officer were obtained in violation of the defendant's Fifth Amendment rights. The Supreme Court held that because the statements were not compelled, Miranda warnings were not required, and the statements could be used against the defendant at trial. *Id.* at 427–28, 104 S.Ct. 1136. There is nothing in the Supreme Court's opinion in *Murphy*, however, that suggests that the defendant could have been compelled to testify at trial merely because he had made prior incriminating disclosures to his probation officer. Thus, appellant's argument that *Murphy* supports his waiver theory is without merit.

4. This decision is binding on us under *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C.1971).

5. In *Tomlin v. United States*, 680 A.2d 1020, 1022 (D.C.1996), we extended the *Ellis* rule to apply to a witness under indictment.

jury hearing, and statements volunteered during an informal investigation or properly supervised custodial situation. We deal with a question of substantially increased credibility and reliability. *Thus we do not hold that waiver takes place when a witness, who has made disclosures to investigating agents is called at trial, or before the grand jury* ... [W]e feel that a statement made to investigators, as opposed to that at a formally constituted tribunal, has less impact even in legal significance if introduced at a subsequent trial of the witness. Thus, the witness may suffer real detriment if he is held to his informal waiver.

*Ellis, supra,* 135 U.S.App.D.C. at 49 n. 37, 416 F.2d at 805 n. 37 (emphasis added). Certainly, unsworn discussions with probation officers are more akin to discussions with "investigating agents" than formal proceedings in which the witness is under oath. Thus, while we have expanded the scope of the *Ellis* waiver rule to encompass testimony given by witnesses at proceedings other than the grand jury, those proceedings have always been under oath.

In this case, Carter's statement during the presentence interview was neither made under oath nor at a judicial proceeding. Therefore, Carter never waived his privilege, and appellant's motion for a new trial was properly denied because the trial court could not lawfully compel Carter's testimony.

Accordingly, the order of the trial judge is

*Affirmed.*